U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

FEB 26 2016

TONY R. MOORE CLERK
BY \_\_\_MB\_\_\_
        DEPUTY

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 1:14-CR-00041 |
| VERSUS | CHIEF JUDGE DRELL |
| ROBERT LEE SNYDER | MAGISTRATE JUDGE PEREZ-MONTES |

## RULING AND ORDER

Before the Court is a Motion in Limine (Doc. 45) filed by Defendant, Robert Lee Snyder ("Snyder"). Snyder seeks a pretrial determination regarding which of his prior criminal convictions, if any, may be used to impeach him if he testifies at trial. Jury trial is currently set to begin on June 13, 2016. (Doc. 59).

I. **Background**

On February 27, 2014, the United States filed an Indictment charging Snyder with: (1) possession of methamphetamine with intent to distribute; (2) possession of a firearm by a convicted felon; and (3) possession of an unregistered firearm. (Doc. 1). One month later, the United States filed a Superseding Indictment adding a second charge of possession of a firearm by a convicted felon. (Doc. 22).

On July 20, 2015, Snyder filed the instant Motion in Limine. (Doc. 45). The United States did not respond to the Motion. Snyder alleges he was convicted of two offenses in state court. First, on September 15, 1993, Snyder pleaded guilty to possession of an illegal firearm (the "Firearm Conviction"). (Doc. 45-1, p. 1). Snyder was sentenced to, and successfully completed, a three-year term of supervised probation. (Id.). Second, on July 14, 1997, Snyder pleaded guilty to distribution of

1

cocaine (the "Distribution Conviction"). (Id.). Snyder was incarcerated for more than two years, until December 10, 1999. (Id.). After his release, Snyder successfully completed a term of supervised probation on September 10, 2004. (Id.).

Snyder alleges that, under Rule 609(b) of the Federal Rules of Evidence ("Rule 609"), the United States may use the Firearm Conviction, but not the Distribution Conviction, to impeach him if he testifies. The Court disagrees.

## II.   Law and Analysis

Under Rule 104(a) of the Federal Rules of Evidence, "[t]he court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." A motion in limine is an appropriate mechanism to seek pretrial exclusion of a prior conviction. See, e.g., United States v. Browning, 533 Fed.Appx. 401, 403 (5th Cir. 2013); United States v. Estes, 994 F.2d 147, 149 (5th Cir. 1993).[1]

Rule 609(a) of the Federal Rules of Evidence states, in relevant part, "for a crime that, in the convicting jurisdiction, was punishable by . . . imprisonment for more than one year," evidence of a criminal conviction "must be admitted, subject to Rule 403, . . . in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant." However, under Rule 609(b), "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," then "[e]vidence of the

---

[1] However, at trial, an unsuccessful party to a motion in limine must renew any objection to preserve the issue for appeal. See Estes, 994 F.2d at 149; Fed. R. Evid. 103(a)(1).

2

conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."

It is well-settled that Rule 609(b) "establishes a presumption against the use of more than 10-year-old convictions." See, e.g., United States v. Cathey, 591 F.2d 268, 275 (5th Cir. 1979). That presumption arises from Congress's determination that "trial judges [should] be extremely cautious in admitting evidence of remote convictions." Id. (quoting United States v. Bibbs, 564 F.2d 1165 (5th Cir. 1977)). Accordingly, the Fifth Circuit has

> read Rule 609(b) to say that the probative value of a conviction more than 10 years old is by definition outweighed by its prejudicial effect. 'The general rule is inadmissibility. It is only when the court admits evidence of a conviction over ten years old that the court must engage in a balancing test on the record.'

United States v. Hamilton, 48 F.3d 149, 154 (5th Cir. 1995) (quoting United States v. Estes, 994 F.2d 147, 149 (5th Cir. 1993)).

Critically, for purposes of Rule 609(b), "confinement" does not include terms of probation. See United States v. Daniel, 957 F.2d 162, 168 (5th Cir. 1992). A 1972 amendment to Rule 609(b) removed language stating that the 10-year period begins to run from "the expiration of the period of . . . parole, probation, or sentence," and inserted the current language stating that the period begins to run from the defendant's "release from confinement." See id. The 1972 amendment plainly excludes a term of probation from the calculation. See id.; accord Albert v. Jordan,

3

05-516(LEAD), 2007 WL 4403739, at *1 (W.D. La. Dec. 14, 2007); see also United States v. Stoltz, 683 F.3d 934, 939 (8th Cir. 2012) ("As our sister circuits have held, 'confinement' for purposes of the ten-year time limit in Rule 609(b) does not include periods of probation. Rather, Rule 609(b)'s [ten-year] clock starts at the witness's release from any physical confinement, or in the absence of confinement, the date of the conviction.'") (quoting United States v. Rogers, 542 F.3d 197, 201 (7th Cir. 2008)) (internal quotation marks omitted).

In this case, Snyder's Firearm Conviction occurred on September 15, 1993, more than 22 years ago. Because Snyder was not "confined" after his conviction, the 10-year period under Rule 609(b) expired after September 15, 2003. The Firearm Conviction plainly falls outside the Rule 609(b) 10-year period.

Further, Snyder's Distribution Conviction occurred on July 14, 1997. Snyder was "confined" until December 10, 1999, when he was released and placed on supervised probation, and when Rule 609(b)'s 10-year period began to run. The Rule 609(b) 10-year period expired on December 10, 2009. Therefore, the Distribution Conviction also falls outside Rule 609(b)'s 10-year period.[2]

### III. Conclusion

Given the age of Snyder's prior convictions, in light of Rule 609(b)'s strong presumption against their admissibility, and absent cause to deviate from that presumption;

---

[2] Defendant seems to calculate the Rule 609(b) 10-year period to begin after he completed his term of probation. As noted above, however, Defendant's term of probation did not toll the running of the Rule 609(b) period.

4

5

IT IS ORDERED that Defendant's Motion in Limine (Doc. 45)) be and is hereby GRANTED.

IT IS FURTHER ORDERED that, under Rule 609(b) of the Federal Rules of Evidence, neither Defendant's Firearm Conviction nor Defendant's Distribution Conviction are admissible as impeachment evidence if Defendant testifies at trial.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 26th day of February, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge